**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0095, <u>Mark Berkovich v. Clifford Jakubowski</u>, the court on January 23, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, Clifford Jakubowski (tenant), appeals an order of the Circuit Court (<u>Bamberger</u>, J.) entering a judgment in favor of the plaintiff, Mark Berkovich (landlord), in an eviction action. The tenant argues that the trial court erred in its ruling because termination of a lease, by itself, does not constitute good cause for eviction pursuant to RSA 540:2, II(e) (2007) and <u>AIMCO Props. v. Dziewisz</u>, 152 N.H. 587 (2005).

The record shows that the landlord is the owner of restricted property as defined in RSA 540:1-a (2007), as the property contains four apartments, and the landlord resides elsewhere. Pursuant to RSA 540:2, II (2007), the lessor or owner of restricted property may terminate a tenancy only for reasons enumerated in that statute, which include: failure to pay rent; substantial damage to the premises; material breach of the lease; behavior of the tenant adversely affecting other tenants; lead remediation; or "other good cause."

On October 14, 2013, the landlord served an eviction notice on the tenant stating "termination of lease" as the "other good cause" and the only reason for the eviction. When the tenant refused to vacate the premises, the landlord filed a landlord-tenant writ. On December 31, 2013, the tenant filed a motion to dismiss, asserting that termination of the lease does not constitute "other good cause" under RSA 540:2, II, citing <u>AIMCO Props. v. Dziewisz</u>. On January 9, 2014, the trial court held a merits hearing in which the tenant, who was self-represented at the hearing, reiterated the argument in his motion to dismiss. After taking the matter under advisement, the trial court issued an order on the same date awarding judgment to the landlord. On January 21, 2014, the trial court denied the tenant's motion for reconsideration, in which the tenant again raised this issue.

In <u>AIMCO Props. v. Dziewisz</u>, we held that the expiration of a lease, by itself, does not constitute good cause for an eviction as required by RSA 540:2, II. <u>AIMCO Props. v. Dziewisz</u>, 152 N.H. at 590. In this case, the landlord

alleged no good cause in its eviction notice other than the expiration of the lease. The tenant argues that this case is indistinguishable from <u>AIMCO Props</u>. We agree. Accordingly, we reverse the trial court's order entering judgment for the landlord.

<u>Reversed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
